















```
JPP    8/5/03    15:26
3:03-CV-01559   BLUEHORNET NETWORKS V. IMPACT ENGINE INC
*1*
*CMP.*
```

Anthony J. Dain (Bar No. 98947)
Frederick K. Taylor (Bar No. 159838)
Frederic G. Ludwig, III (Bar No. 205332)
PROCOPIO, CORY, HARGREAVES
   & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone:   (619) 238-1900
Facsimile:   (619) 235-0398

Attorneys for Plaintiff BLUEHORNET
NETWORKS, INC., a California corporation

*FILED*

03 AUG -5 PM 1: 15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUEHORNET NETWORKS, INC., a California corporation, | Case No. **'03 CV 1559 BTM (RBB)** |
| Plaintiff, | **COMPLAINT FOR UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT** |
| v. | |
| IMPACT ENGINE, INC., a California corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff BLUEHORNET NETWORKS, INC. ("BLUEHORNET") respectfully submits the following Complaint for violation of federal Unfair Competition laws, common law Trademark Infringement, and violation of California's Unfair Competition laws against Defendant IMPACT ENGINE, INC. ("IMPACT ENGINE").

### PARTIES

1.    BLUEHORNET is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1775 Hancock Street, Suite 280, San Diego, California 92110.

2.    On information and belief, BLUEHORNET alleges IMPACT ENGINE is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1142 Thomas Ave, Suite 3, San Diego, California 92109.

///

COMPLAINT

109705.000000/413625.01

**JURISDICTION AND VENUE**

3.    This is a civil action arising under 15 U.S.C. §1125 for trademark infringement, unfair competition, and false advertising.  Subject matter jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. §1121 in that it involves claims arising under the Lanham Act.  This Court has supplemental jurisdiction over the remaining claims for relief under 28 U.S.C. §1367.

4.    Venue in this district is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions on which the claims are based occurred in this district.

**STATEMENT OF COMMON FACTS**

5.    BLUEHORNET is a leading provider of electronic mail marketing services, personalized messaging, and other services which help its clients cost-effectively acquire new customers, build current customer relationships, and increase revenue.

6.    At all times relevant herein, BLUEHORNET was, and still is, the owner of various trademarks, including marks incorporating the distinctive "BLUEHORNET" designation, together with design logos and features in combination with "BLUEHORNET," and as further specified in, but not limited to, its application for registration with United States Patent and Trademark Office Application, Serial Number 7,815,903 (collectively, the "Mark").

7.    Beginning at least as early as March 2000, BLUEHORNET has been actively using the Mark in commerce to identify the source of its services, namely Internet services for marketing, advertising and information distribution, as specified in the above-referenced application for registration of the Mark.

8.    Moreover, beginning at least as early as March 2000, BLUEHORNET has used its Mark to identify its products and services and to distinguish them from those provided or sold by others by, among other things, prominently displaying the Mark on the products, on packaging materials, and in advertising, displays and signage associated therewith.

9.    BLUEHORNET's products and services have been promoted, distributed and sold in the Internet marketing fields through various channels of trade in the United States and internationally.  As a result of BLUEHORNET's continuous and extensive promotion and sales

-2-

COMPLAINT

1  of products and services bearing the Mark, it has developed public recognition in that purchasers

2  have come to associate BLUEHORNET as the source of products and services bearing the Mark.

3  10.    BLUEHORNET's use of the Mark has been valid and continuous since the date of

4  first use and has not been abandoned, and it is symbolic of extensive good will and consumer

5  recognition built up by BLUEHORNET through substantial amounts of time and effort in

6  advertising and promotion.

7  11.    On information and belief, BLUEHORNET alleges IMPACT ENGINE is in the

8  business of offering products and services which include electronic mail marketing services, as

9  well as network web page design and implementation services.  IMPACT ENGINE's products

10  and services are in direct competition to those provided by BLUEHORNET.

11  12.    Recently, BLUEHORNET discovered IMPACT ENGINE was using the

12  "BLUEHORNET" Mark without authorization. BLUEHORNET found IMPACT ENGINE used

13  the Mark to misdirect members of the public searching for BLUEHORNET's Internet web site to

14  IMPACT ENGINE's own Internet web site.  Specifically, IMPACT ENGINE directed operators

15  of various Internet search engines web sites, like the one located at www.google.com, to

16  manipulate searches for the terms "blue hornet," "bluehornet," and so forth in such a manner so

17  as to link, and cause to appear, IMPACT ENGINE's own Internet web site as the product of an

18  Internet search for terms similar to "BLUEHORNET." Thus, when an Internet user searched for

19  the terms "blue hornet" and "bluehornet," a link appeared misidentifying IMPACT ENGINE's

20  Internet web site as relevant to a search for "blue hornet" and/or "bluehornet."

21  13.    IMPACT ENGINE's improper use of the "BLUEHORNET" Mark, as described

22  above, has created, and continues to create, initial interest confusion in that the result of an

23  Internet user's search includes web sites not sponsored by BLUEHORNET, but rather are

24  sponsored by its competitor, IMPACT ENGINE, who has no right, title, or interest in, or to, the

25  Mark, or any similar trademark or service mark related thereto.

26  / / /

27  / / /

28  / / /

-3-
COMPLAINT

109705.000000/413625.01

1

### FIRST CLAIM FOR RELIEF

2

#### (Unfair Competition in Violation of 15 U.S.C. §1125(a))

3       14.     BLUEHORNET realleges and incorporate paragraphs 1 through 13, inclusive into

4   this claim for relief as if set forth in full.

5       15.     BLUEHORNET has all right, title, or interest in, or to, the "BLUEHORNET"

6   Mark.

7       16.     On information and belief, BLUEHORNET alleges IMPACT ENGINE caused the

8   Mark to be used in connection with the sale, promotion and advertisement of electronic mail

9   marketing services, as well as network web page design and implementation services, in interstate

10  commerce despite BLUEHORNET's prior use thereof.

11      17.     IMPACT ENGINE's use of BLUEHORNET's Mark is a false description and

12  representation that IMPACT ENGINE's electronic mail marketing services, as well as network

13  web page design and implementation services are provided by, originate from, are sponsored by

14  or affiliated with BLUEHORNET.

15      18.     IMPACT ENGINE's acts are in violation of 15 U.S.C. §1125(a), in that IMPACT

16  ENGINE has used, in connection with goods, a false designation of origin and a false description

17  or representation, including words and other symbols tending falsely to describe or represent the

18  same, and has caused such services to be offered via interstate commerce.

19      19.     BLUEHORNET believes it is likely to be damaged by such false description and

20  representation by reason of the likelihood that consumers and purchasers will be confused as to

21  the true source, sponsorship or affiliation of IMPACT ENGINE's goods and services.

22      20.     By reason of IMPACT ENGINE's acts alleged herein, BLUEHORNET suffered,

23  and will continue to suffer, damages to its business reputation and good will, and has lost sales

24  and profits in an undetermined amount BLUEHORNET would have made but for IMPACT

25  ENGINE's acts.

26  / / /

27  / / /

28  / / /

-4-

COMPLAINT

109705.000000/413625.01

## SECOND CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

21.    BLUEHORNET realleges and incorporate paragraphs 1 through 20, inclusive into this claim for relief as if set forth in full.

22.    BLUEHORNET has all right, title, or interest in, or to, the "BLUEHORNET" Mark.  Despite its lack of rights to the Mark, IMPACT ENGINE has directly or indirectly used, caused to be used, or induced or contributed to the use of the Mark in connection with, among other things, offering products and services which include electronic mail marketing services, as well as network web page design and implementation services.

23.    On information and belief, BLUEHORNET alleges as a result of consumers' association of the Mark with BLUEHORNET, IMPACT ENGINE's direct or indirect use of the "BLUEHORNET" Mark in the offering of electronic mail marketing services, as well as network web page design and implementation services, has created a likelihood of confusion and has caused actual confusion and is likely to continue to cause such confusion among consumers and purchasers of such goods and services as to the origins of the goods of the respective parties.

24.    On information and belief, BLUEHORNET alleges IMPACT ENGINE has benefited and profited in an unknown amount from the direct or indirect use of the Mark as referred to above.  The exact amount of profits realized by IMPACT ENGINE as a result of its direct or contributory infringement of the Mark is unknown to BLUEHORNET, and cannot be accurately ascertained until an accounting is made.

25.    BLUEHORNET has suffered damages in an unknown amount from IMPACT ENGINE's direct or indirect use of the Mark as referred to above.  The exact amount of damages suffered by BLUEHORNET, as a result of IMPACT ENGINE's direct or contributory infringement of the Mark is unknown to BLUEHORNET, and cannot be accurately ascertained until an accounting is made.

/ / /

/ / /

/ / /

109705.000000/413625.01

26.     BLUEHORNET has notified IMPACT ENGINE of its rights to the Mark and has demanded that it cease and desist in the use of the Mark.  On information and belief, BLUEHORNET alleges notwithstanding actual knowledge of BLUEHORNET's trademark rights and demands, IMPACT ENGINE continues to do the acts complained of herein.

27.     On information and belief, BLUEHORNET alleges IMPACT ENGINE's direct or contributory infringement of the Mark will cause great and irreparable injury to BLUEHORNET, unless enjoined and restrained by order of the Court. BLUEHORNET has no adequate remedy at law for the injuries currently being suffered.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition Claim under California Business & Professions Code §17200)

28.     BLUEHORNET realleges and incorporate paragraphs 1 through 27, inclusive into this claim for relief as if set forth in full.

29.     On information and belief, BLUEHORNET alleges IMPACT ENGINE's actions as herein alleged constitute unfair and unlawful business practice and unfair, deceptive, untrue and misleading advertising within the meaning of Section 17200 of the California Business and Professions Code.

30.     As a result of IMPACT ENGINE's aforesaid conduct, it has profited illicitly and unlawfully in an amount according to proof at the time of trial.

31.     As a direct and proximate result of the aforementioned acts, statements, representations, and unfair business practices, BLUEHORNET lost money and profits to IMPACT ENGINE, and is thus entitled to restitution from IMPACT ENGINE in an amount according to proof at trial.

32.     On information and belief, BLUEHORNET alleges IMPACT ENGINE's unfair business practices will cause great and irreparable injury to BLUEHORNET's business unless enjoined and restrained by order of the court.  BLUEHORNET has no adequate remedy at law for the injuries currently being suffered.

WHEREFORE Plaintiff BLUEHORNET NETWORKS, INC. prays for judgment against Defendant IMPACT ENGINE, INC. as follows:

-6-
COMPLAINT

109705.000000/413625.01

<u>On the First through Third Claims for Relief:</u>

1. For preliminary and permanent injunctive relief preventing IMPACT ENGINE, its servants, agents, employees, licensees, successors, assigns and those in privity with them from:

    a.  directly or indirectly infringing on the Mark in any manner including, but not limited to, the manufacture, distribution, sale, promotion or advertising of any e-mail marketing, designing and implementing network web pages, and other such similar products and services which are likely to cause confusion, mistake or deception of the public, and injury to BLUEHORNET's business reputation;

    b.  using any names, emblems, symbols, service marks, trademarks, terminology or designations which relate, connect, associate or tend to relate connect or associate themselves in any way to BLUEHORNET or to any goods, services or products marketed, offered, sponsored, approved by or connected with BLUEHORNET or any related company;

    c.  using any names, emblems, symbols, service marks, trademarks, terminology, or designations which tend to falsely represent, or which are likely to confuse, mislead or deceive the public that the business operated, promoted and advertised by IMPACT ENGINE originates from BLUEHORNET or that any such business is sponsored, approved or licensed by BLUEHORNET or associated, connected or affiliated with BLUEHORNET;

    d.  engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead or deceive the public to believe or conclude that the actions of IMPACT ENGINE are sponsored, approved or licensed by or connected or affiliated with BLUEHORNET;

    e.  affixing, applying, annexing or using in connection with the operation, promotion or advertising of any goods, products or services, a false description or representation, including the Mark or any other words or symbols, tending to falsely describe or represent their goods, products or services as being those of BLUEHORNET;

-7-

COMPLAINT

2.  For an order that, within ten (10) days after the entry of any injunction order, IMPACT ENGINE be required to deliver to BLUEHORNET or to the Court for destruction, all products, devices, packaging, signs, literature, advertising, and any other materials bearing the Mark, all at IMPACT ENGINE's cost;

3.  For an order that IMPACT ENGINE be required to account for and pay over to BLUEHORNET all the profits realized by IMPACT ENGINE from the manufacture, distribution, sale, promotion and advertising of IMPACT ENGINE's e-mail marketing services, designing and implementing network web page services, and other such similar products and services under BLUEHORNET's Mark;

4.  For an order requiring IMPACT ENGINE to hold in trust and turn over to BLUEHORNET all profits received by IMPACT ENGINE in connection with their actions as herein alleged;

5.  For damages in an amount to be proven at the time of trial suffered by reason of IMPACT ENGINE's infringement of the Mark;

6.  For three times the amount of BLUEHORNET's actual damages suffered by reason of IMPACT ENGINE's infringement of the Mark;

7.  For damages three times the amount of IMPACT ENGINE's profits derived from infringement of the Mark;

8.  For attorneys' fees;

9.  For costs of suit incurred herein; and

10. For such other and further relief as the court deems proper.

Dated:  July 21, 2003            PROCOPIO, CORY, HARGREAVES
                                  & SAVITCH, LLP


                          By: _____
                                  Anthony J. Dain
                                  Frederick K. Taylor
                                  Frederic G. Ludwig, III
                                  Attorneys for Plaintiff, BLUEHORNET, INC., a
                                  California corporation.

COMPLAINT

109705.000000/413625.01

1
## DEMAND FOR JURY TRIAL

2
    Plaintiff BLUEHORNET NETWORK, INC. demands a trial by jury of all issues properly

3
tried to a jury in the above-entitled action.

4

5
Dated:  August 4, 2003                          PROCOPIO, CORY, HARGREAVES
                                                & SAVITCH, LLP
6

7
                                         By
8
                                                Anthony J. Dain
                                                Frederick K. Taylor
9
                                                Frederic G. Ludwig, III
                                                Attorneys for Plaintiff, BLUEHORNET, INC., a
10
                                                California corporation.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

109705.000000/413625.01

AO 120 (3/85)

| TO:                                                                                   | REPORT ON THE FILING OR DETERMINATION OF AN ACTION REGARDING A PATENT |
|---------------------------------------------------------------------------------------|---|
| **Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** |  |

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br>03-CV-1559 BTM(RBB) | DATE FILED<br>08-05-03 | U.S. DISTRICT COURT<br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Bluehornet Networks, Inc. | | DEFENDANT<br><br>Impact Engine, Inc. |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 see enclosed complaint | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | | |
| **PATENT NO.** | **DATE OF PATENT** | **PATENTEE** | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BLUEHORNET NETWORKS, INC., a California corporation

**DEFENDANTS**
IMPACT ENGINE, INC., a California corporation

'03 AUG -5 PM 1:15

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address and Telephone Number)
Anthony J. Dain, Esq. (California State Bar No. 98947)
Frederick K. Taylor, Esq. (California State Bar No. 159838)
Frederic G. Ludwig, III, Esq. (California State Bar No. 205332)
PROCOPIO, CORY, HARGREAVES & SAVITCH, LLP
530 B Street, Suite 2100
San Diego, CA 92101

Attorneys (If Known)

'03 CV 1559 BTM RDB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R. R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☒ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS –Third Party 26 USC 7609 | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Trademark infringement under 15 USC section 1125

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(see instructions):
JUDGE _____ DOCKET NUMBER _____

DATE August 4, 2003

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # 096191 AMOUNT $150.00 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc. | www.USCourtForms.com